FILED
OCT 09 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Michelle Johns
5673 W. Hammond Ave.
Fresno, CA 93722
Phone: (562) 653-4137
No Fax
No Email

Defendant, In Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin Garcia<br>PLAINTIFF,<br>VS.<br>Sergio Torres and Michelle Johns<br>DEFENDANT | **Case No.:** 1:15 CV - 01534 LJO GSA<br><br>**NOTICE OF REMOVAL**<br>**[28 USC 1441, 1446 (6)]**<br>**Calif. CCP 430.90]**<br><br>**From the Superior Court County of Fresno**<br>**Case # 15CE-CL-06389** |

Defendant allege:

**PARTIES AND COUNSEL**

1. Defendant MICHELLE JOHNS, and Plaintiff MARTIN GARCIA, are those parties in a California State Court filed in Fresno County Superior Court, concerning real property located at 5673 W. Hammond Ave. Fresno, CA 93722 [hereafter "premises"], within this court's jurisdiction.

2. Plaintiff Martin Garcia, is the former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant Michelle Johns is a bona fide tenant under the "Protecting Tenants"

4. Plaintiff is represented by Counsel in the State Court action as follows:

MARTIN GARCIA
1954 N. GATEWAY BLVD #101
FRESNO, CA 93727

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants" 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the

existing bona fide tenants. The tenancy is protected by federal law.

b. Whereas under California, as protecting Tenants eviction may be filed as

to any such tenant on more 60 days' notice of termination

[California Civil Procedures Code 1161a, 1161b], the PFTA requires

that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be

given at any time after a 30 day notice

[California Civil Procedures Code 1161a], under the PFTA the 90-day

notice can ONLY be given when the tenancy is a month-to-month OR if

the tenancy is a lease.

premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a

landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful

pleading, entitled by the Superior Court of California as Unlawful

Detainer, pleadings intentionally fails to allege compliance with

the PTFA, serving only a 3 day notice to quit.

Thus, in order to evict a bona fide residential tenant of a Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant Charles Black is a member of a protected class for whom the statue, the "Protecting Tenants" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

i. The language of the PTFA, particularly 702(a),

ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc.* v. *Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy thefiled and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the

PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, Sasha Huntley is bona fide residential tenant of a landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court,

after which jurisdiction will again attach as described in that statue.

DATED: October 09, 2015

MICHELLE JOHNS, In Pro Per

Michelle Johns
5673 W. Hammond Ave.
Fresno, CA 93727
Phone: (562) 653-4137
No Fax
No Email

Defendant, In Pro Per

IN THE UNITES STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin Garcia<br>PLAINTIFF,<br>VS.<br>Sergio Torres and Michelle Johns<br>DEFENDANT | **PROOF OF SERVICE** |

I, the undersigned, hereby certify that I am over the age of eighteen years and on October 09, 2015. I served a copy of Notice of removal.

By placing a copy in a postage paid envelope address to the person hereinafter listed by depositing said envelope in the United States Mail:

Martin Garcia
1954 N. Gateway Blvd #101
Fresno, CA 93727

I declare under penalty of perjury that the foregoing is true and correct.

[signature]
MICHELLE JOHNS

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
AUG 28 2015
FRESNO SUPERIOR COURT
By ______ DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Sergio Torres and Michelle Johns

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Martin Garcia

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del caso):* 15CECL06389

B.F. Ssik Courthouse, 1130 "O" St., 4th Fl., Fresno CA 93724

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Martin Garcia, Plaintiff, In Pro Per, 1954 N. Gateway Blvd. #101, Fresno CA, 93727

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** ☐ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: *(Fecha)* AUG 28 2015 Clerk, by *(Secretario)* M. BAISDON, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ CCP 415.46 (occupant) ☐ other *(specify)*:
5. ☑ by personal delivery on *(date)*:

| PLAINTIFF *(Name):* Martin Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Sergio Torres and Michelle Johns | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:
   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Martin Garcia
1954 N. Gateway Blvd. #101
Fresno CA, 93727
TELEPHONE NO.: 559-355-7781 FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff, In Pro Per

FOR COURT USE ONLY

FILED
AUG 28 2015
FRESNO SUPERIOR COURT
By ______ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" St., 4th Fl.
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno CA, 93724
BRANCH NAME: B.F. Sisk Courthouse

PLAINTIFF: Martin Garcia

DEFENDANT: Sergio Torres and Michelle Johns

☐ DOES 1 TO ______

**COMPLAINT — UNLAWFUL DETAINER***

☑ **COMPLAINT** ☐ **AMENDED COMPLAINT** ***(Amendment Number)*:** ______

CASE NUMBER: 15CECL06389

**Jurisdiction *(check all that apply)*:**

☐ **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** ☑ **does not exceed $10,000**
☐ **exceeds $10,000 but does not exceed $25,000**

☐ **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)**

☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:**
☐ **from unlawful detainer to general unlimited civil (possession not in issue)** ☐ **from limited to unlimited**
☐ **from unlawful detainer to general limited civil (possession not in issue)** ☐ **from unlimited to limited**

1. PLAINTIFF *(name each)*:
Martin Garcia
alleges causes of action against DEFENDANT *(name each)*:
Sergio Torres, and Michelle Johns

2. a. Plaintiff is (1) ☑ an individual over the age of 18 years. (4) ☐ a partnership.
(2) ☐ a public agency. (5) ☐ a corporation.
(3) ☐ other *(specify)*:

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
5673 W. Hammond Ave, City of Fresno, County of Fresno, CA 93722

4. Plaintiff's interest in the premises is ☑ as owner ☐ other *(specify)*:

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date)*: 9-1-2009 defendant *(name each)*:
Sergio Torres and Michelle Johns

(1) agreed to rent the premises as a ☑ month-to-month tenancy ☐ other tenancy *(specify)*:
(2) agreed to pay rent of $ 1,000.00 payable ☑ monthly ☐ other *(specify frequency)*:
(3) agreed to pay rent on the ☑ first of the month ☐ other day *(specify)*:

b. This ☑ written ☐ oral agreement was made with
(1) ☑ plaintiff. (3) ☐ plaintiff's predecessor in interest.
(2) ☐ plaintiff's agent. (4) ☐ other *(specify)*:

*** NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).



Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF (Name): Martin Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Sergio Torres and Michelle Johns | |

6. c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ other *(specify)*:

   d. ☐ The agreement was later changed as follows *(specify)*:

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☐ a. Defendant *(name each)*:

   was served the following notice on the same date and in the same manner:
   (1) ☑ 3-day notice to pay rent or quit
   (2) ☐ 30-day notice to quit
   (3) ☐ 60-day notice to quit
   (4) ☐ 3-day notice to perform covenants or quit
   (5) ☐ 3-day notice to quit
   (6) ☐ Other *(specify)*:

   b. (1) On *(date)*: 8/17/2015 the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.

   d. ☑ The notice included an election of forfeiture.

   e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☑ by personally handing a copy to defendant on *(date)*: August 17th, 2015 to Michelle Johns
   (2) ☑ by leaving a copy with *(name or description)*: Michelle Johns for Sergio Torres
   a person of suitable age and discretion, on *(date)*: 8-17-2015 at defendant's ☑ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on *(date)*: 8-17-2015 because defendant cannot be found at defendant's residence or usual place of business.
   (3) ☐ by posting a copy on the premises on *(date)*: ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*:
   (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
   (b) ☐ because no person of suitable age or discretion can be found there.
   (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

   b. ☐ *(Name)*:
   was served on behalf of all defendants who signed a joint written rental agreement.

   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

   d. ☑ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): Martin Garcia | CASE NUMBER: |
| --- | --- |
| DEFENDANT(Name): Sergio Torres and Michelle Johns | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 2,000.00
11. ☑ The fair rental value of the premises is $ 33.33 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☑ past-due rent of $ 2,000.00
   d. ☐ reasonable attorney fees.
   e. ☑ forfeiture of the agreement.
   f. ☑ damages at the rate stated in item 11 from *(date):* for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☐ other *(specify):*
18. ☑ Number of pages attached *(specify):* 8

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, state:)*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*

Date:

Martin Garcia, Paintiff, In Pro Per
(TYPE OR PRINT NAME)

▶ Martin Garcia
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Martin Garcia, Paintiff, In Pro Per
(TYPE OR PRINT NAME)

▶ Martin Garcia
(SIGNATURE OF PLAINTIFF )

2wks. (559) 457-1900

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Michele Jones (559) 776-2858 TELEPHONE NO.: 5673 W. Hammond FAX NO.: E-MAIL ADDRESS: Fresno CA 93722 ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Fresno<br>STREET ADDRESS: 1130 O Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fresno, CA 93724<br>BRANCH NAME: Fresno Superior Court | FILED<br>AUG 3 2015<br>FRESNO SUPERIOR COURT<br>By ________ |
| Plaintiff: Martin Garcia<br>Defendant: Michele Jones | |
| **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER: 15CECL06389 |

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* Michele Jones

answers the complaint as follows:

2. ***Check ONLY ONE of the next two boxes:***
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *state paragraph numbers from the complaint or explain below or on form MC-025):* ☐ Explanation is on MC-025, titled as Attachment 2b(1).
      I have been Living in home for 5 years and Ive paid Rent to Juana Garcia and Juana Garcia Served me a 3 Day or Quit July 2015 - But Did not follow through. I offered her Rent and She Refused to take it.
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
      ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES (***NOTE:*** *For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☑ *(nonpayment of rent only)* On *(date):* before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. ☐ Other affirmative defenses are stated in item 3k.

UD-105

CASE NUMBER: 15CECL06389

3. AFFIRMATIVE DEFENSES (cont'd)
   k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:
      ☐ Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS
   a. ☐ Defendant vacated the premises on *(date)*:
   b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
      ☐ Explanation is on MC-025, titled as Attachment 4b.
   c. ☐ Other *(specify below or on form MC-025 in attachment)*:
      ☐ Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☐ reasonable attorney fees.
   d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. ☐ Other *(specify below or on form MC-025)*:
      ☐ All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: ____________

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** ☐ did not ☐ did for compensation give advice or assistance with this form. *(If defendant has received **any** help or advice for pay from an unlawful detainer assistant, state)*:
   a. Assistant's name: b. Telephone No.:
   c. Street address, city, and zip code:
   d. County of registration: e. Registration No.: f. Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Michele Jones
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

Michele Jones 8-31-15
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF DEFENDANT)